# Exhibit 4

**635355**
**PHELAN HALLINAN DIAMOND & JONES, PC**
Dana N. Marks, Esq. ID No. 026272005
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103
856-813-5500
Attorney for Plaintiff

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC<br>   PLAINTIFF | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>BERGEN COUNTY |
| Vs. | DOCKET NO: F-027903-09 |
| DAVID SADEK;<br>ETTY SADEK;<br>635 NORFOLK, LLC;<br>STATE OF NEW JERSEY;<br>COMMUNITY BANK OF ORANGE, N.A. N/K/A GREATER HUDSON BANK, N.A.;<br>FNYJ, LLC;<br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR METROPOLITAN NATIONAL BANK MORTGAGE COMPANY LLC ITS SUCCESSORS AND ASSIGNS;<br>METROPOLITAN NATIONAL BANK MORTGAGE COMPANY LLC;<br>YESHIVA OF NORTH JERSEY;<br>KEY EQUIPMENT FINANCE INC;<br>PNC BANK, NATIONAL ASSOCIATION;<br>DAVID SIEGEL;<br>PALISADES AT FORT LEE CONDOMINIUM ASSOCIATION INC;<br>DIANE BARNES;<br>ELLY KRIEGER<br>   DEFENDANT(S) | CIVIL ACTION<br>FOURTH AMENDED FORECLOSURE COMPLAINT TO JOIN ADDITIONAL DEFENDANTS PALISADES AT FORT LEE CONDOMINIUM ASSOCIATION INC.; DAVID SIEGEL; DIANE BARNES AND ELLY KRIEGER; METROPOLITAN NATIONAL BANK MORTGAGE COMPANY LLC |

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR BY

MERGER TO CHASE HOME FINANCE LLC, having its place of business at 3415 VISION

STREET, COLUMBUS, OH 43219 by way of Fourth Amended Complaint says:

FIRST COUNT

1. On May 30, 2003, DAVID SADEK, executed to FIRST FINANCIAL EQUITIES,

INC. an obligation (NOTE),  to secure the sum of $820,000.00, payable on June 1, 2033, with

the initial rate of interest of 4.375 % per annum, payable by payments of $4,094.14 per month

for interest and principal.  The Note further provides for a late charge of 5 percent for any

payment not received 15 days from the date due.

2. To secure the payment of the obligation described in Paragraph 1, DAVID SADEK

and ETTY SADEK executed to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,

INC., AS NOMINEE FOR FIRST FINANCIAL EQUITIES, INC., ITS SUCCESSORS AND

ASSIGNS a NON PURCHASE MONEY MORTGAGE on the same date as the Note, and

thereby conveyed to it, in fee the land hereinafter described, on the express condition that such

conveyance should be void if payment should be made at the time and times, and in the manner

described in the obligation. The Mortgage was recorded in the Office of the Clerk of BERGEN

County, in Book 13164, Page 155.  The Mortgage was recorded December 9, 2003.  The Note

and Mortgage have been assigned as follows:

      a.  By assignment of Mortgage executed on October 23, 2003, FIRST FINANCIAL

          EQUITIES, INC. assigned the mortgage to JPMORGAN CHASE BANK

          AND/OR ITS SUCCESSORS OR ASSIGNS AS THEIR INTEREST MAY

          APPEAR. The assignment was recorded December 9, 2003 in Book 1355, Page

          531.

    i.   The assignment was recorded but has no bearing on the chain of title

b.   By assignment of Mortgage executed on January 30, 2014, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FIRST FINANCIAL EQUITIES, INC. ITS SUCCESSORS AND ASSIGNS assigned the mortgage to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION. The assignment was recorded February 11, 2014 in Book 01617, Page 1055.

c.   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC A/K/A JPMORGAN CHASE BANK, NATIONAL ASSOCIATION.

d.   The Plaintiff is the holder of the Note.

3.  The full physical address of the mortgaged premises that is the land that secures the Note, is 635 NORFOLK STREET, TEANECK, NJ 07666-2908. A description of the property as contained within the recorded mortgage is listed below with any additional relief sought in the form of a reformation of the below description set forth in a subsequent count herein (if applicable).

All that tract or parcel of land and premises, situated, lying and being in the Township of Teaneck, County of Bergen State of New Jersey and being more particularly described as follows:

BEGINNING at a point in the northeasterly line of Norfolk Street (60 feet wide), said point being distant 124.66 feet southeasterly from the intersection of said northeasterly line of Norfolk Street, if produced with the southeasterly line of Buckingham Road, if produced; and running thence

1) North 36 degrees 17 minutes 00 seconds East, 116.96 feet; thence
2) North 65 degrees 36 minutes 30 seconds East, 64.87 feet; thence
3) South 15 degrees 26 minutes 35 seconds East, 112.39 feet; thence
4) South 60 degrees 49 minutes 30 seconds East, 16.19 feet; thence
5) South 29 degrees 38 minutes 00 seconds West, 106.60 feet to a point in the

- 3 -

northeasterly line of Norfolk Street; thence

6) Along the same, North 53 degrees 43 minutes 00 seconds West, 148.40 feet to the point and place of BEGINNING.

Being in accordance with a survey made by Gary F. Hauenstein, dated December 18, 2002.

NOTE: Being Lot(s) 6 and 7, Block 1108, Tax Map of the Township of Teaneck, County of Bergen.

NOTE: Lot and Block shown for informational purposes only.

NOTE: 635 Norfolk Street, Teaneck, NJ 07666-2908

4. The Mortgage contains a provision that, if applicable, together with, and in addition to, the monthly payments of principal and interest payable under the terms of the Promissory Note, the Mortgagors will pay each month, on the payment due date as set forth in the Note, until such time as the Note is paid in full, any amounts required to be paid proportionately from escrow, including, but not limited to, taxes and insurance on the premises.

5. No other instruments appear of record which affect or may affect the premises described in Paragraph 3 except:

a. ETTY SADEK is hereby further named a party defendant herein for any lien, claim or interest it may have in, to, or on the mortgaged premises by virtue of the following DEED

i. DAVID SADEK and ETTY SADEK TO ETTY SADEK, dated September 27, 2006 and was recorded December 14, 2006 in Book 9211, Page 147.

b. ETTY SADEK is hereby further named a party defendant herein for any lien, claim or interest she may have in, to, or on the mortgaged premises by virtue of the following child support judgment.

- 4 -

      i.    ETTY SADEK versus DAVID SADEK filed in the Superior Court of
New Jersey, Judgment No: J-157817-2011 entered on June 2, 2011.

c.  635 NORFOLK, LLC is hereby named a party defendant herein for any lien,
claim or interest it may have in, to, or on the mortgaged premises by virtue of the
following DEED.

      i.    ETTY SADEK TO 635 NORFOLK, LLC, dated January 11, 2011 and
was recorded February 22, 2011 in Book 679, Page 135.

d.  STATE OF NEW JERSEY is hereby named a party defendant herein for any lien,
claim or interest it may have in, to, or on the mortgaged premises by virtue of the
following JUDGMENTS.

      i.    JUDGMENT:  DIVISION OF TAXATION versus DAVID SADEK
D/B/A FIRST FINANCIAL EQUITIES INC filed in the Superior Court of
New Jersey, Judgment No: DJ-144397-2009 entered on June 25, 2009 in
the amount of $80,400.00 plus cost and interest.

      ii.    JUDGMENT:  DIVISION OF TAXATION versus DAVID SADEK
D/B/A FIRST FINANCIAL EQUITIES INC filed in the Superior Court of
New Jersey, Judgment No: DJ-088945-2008 entered on April 17, 2008 in
the amount of $21,872.91 plus cost and interest.

e.  COMMUNITY BANK OF ORANGE, N.A. N/K/A GREATER HUDSON
BANK, N.A. is hereby named a party defendant herein for any lien, claim or
interest it may have in, to, or on the mortgaged premises by virtue of the
following MORTGAGE.

- 5 -

     i.  DAVID SADEK and ETTY SADEK TO COMMUNITY BANK OF ORANGE, N.A., dated December 28, 2006 and recorded January 5, 2007 in Book 16482, Page 778. To secure $62,000.00.

f.  FNYJ, LLC is hereby named a party defendant herein for any lien, claim or interest it may have in, to, or on the mortgaged premises by virtue of the following MORTGAGE.

     i.  ETTY SADEK and DAVID SADEK TO FNYJ, LLC, dated January 19, 2007 and recorded March 5, 2007 in Book 16602, Page 292. To secure $2,700,000.00.

g.  YESHIVA OF NORTH JERSEY is hereby named a party defendant herein for any lien, claim or interest it may have in, to, or on the mortgaged premises by virtue of the following MORTGAGE.

     i.  ETTY SADEK and DAVID SADEK TO YESHIVA OF NORTH JERSEY, dated July 3, 2009 and recorded July 17, 2009 in Book 179, Page 477. To secure $70,137.00.

h.  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR METROPOLITAN NATIONAL BANK MORTGAGE COMPANY LLC ITS SUCCESSORS AND ASSIGNS and METROPOLITAN NATIONAL BANK MORTGAGE COMPANY LLC are hereby named a party defendant herein for any lien, claim or interest it may have in, to, or on the mortgaged premises by virtue of the following MORTGAGE and LIS PENDENS

     i.  MORTGAGE: ETTY SADEK and DAVID SADEK TO MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR

- 6 -

METROPOLITAN NATIONAL BANK MORTGAGE COMPANY LLC

ITS SUCCESSORS AND ASSIGNS, dated December 14, 2006 and

recorded January 18, 2007 in Book 16511, Page 167. To secure

$1,000,000.00.

ii.  LIS PENDENS: METROPOLITAN NATIONAL BANK MORTGAGE

COMPANY LLC vs. ETTY SADEK and DAVID SADEK et al. recorded

October 9, 2009 in book 263, page 2159.

i.  KEY EQUIPMENT FINANCE INC is hereby named a party defendant herein for

any lien, claim or interest the defendant may have in, to, or on the mortgaged

premises by virtue of the following JUDGMENT

i.   KEY EQUIPMENT FINANCE INC versus DAVID SADEK AND

FIRST FINANCIAL EQUITIES INC filed in the Superior Court of New

Jersey, Judgment No: J-040275-2008 entered on February 14, 2008 in the

amount of $384,371.52 plus cost and interest

j.  PNC BANK, NATIONAL ASSOCIATION is hereby named a party defendant

herein for any lien, claim or interest the defendant may have in, to, or on the

mortgaged premises by virtue of the following JUDGMENT

i.  PNC BANK, NATIONAL ASSOCIATION versus DAVID SADEK

AND FIRST FINANCIAL EQUITIES INC filed in the Superior Court

of New Jersey, Judgment No: J-244925-2008 entered on October 8,

2008 in the amount of $109,003.96 plus cost and interest.

   k.  PALISADES AT FORT LEE CONDOMINIUM ASSOCIATION INC is hereby named a party defendant herein for any lien, claim or interest it may have in, to, or on the mortgaged premises by virtue of the following JUDGMENT.

      i.  JUDGMENT: PALISADES CONDOMINIUM ASSOCIATION INC. versus DAVID SADEK filed in the Superior Court of New Jersey, Judgment No: DJ-170847-2009 entered on July 28, 2009 in the amount of $8,461.98 plus cost and interest.

      ii.  JUDGMENT: PALISADES AT FORT LEE CONDOMINIUM ASSOCIATION INC versus DAVID SADEK filed in the Superior Court of New Jersey, Judgment No: J-119389-2015 entered on July 14, 2015 in the amount of $62,446.20 plus cost and interest

      iii.  PALISADES AT FORT LEE CONDOMINIUM ASSOCIATION INC is a/k/a PALISADES CONDOMINIUM ASSOCIATION INC.

   l.  DAVID SIEGEL is hereby named a party defendant herein for any lien, claim or interest it may have in, to, or on the mortgaged premises by virtue of the following UCC FINANCING STATEMENT LIEN.

      i.  Between DAVID SIEGEL, secured party and DAVID SADEK, debtor, and recorded April 24, 2007 in Instrument No. 000872.

   m.  DIANE BARNES is hereby named and STATE OF NEW JERSEY is hereby further named as party defendant herein for any lien, claim or interest they may have in, to, or on the mortgaged premises by virtue of the following JUDGMENT.

      i.  DIANE BARNES and STATE OF NEW JERSEY versus DAVID SADEK and FIRST FINANCIAL EQUITIES, INC filed in the Superior

- 8 -

Court of New Jersey, Judgment No: DJ-235219-2007 entered on August

22, 2007 in the amount of $985.83 and $124.58 plus cost and interest.

    n.  ELLY KRIEGER is hereby named a party defendant herein for any lien, claim or

interest the defendant may have in, to, or on the mortgaged premises by virtue of

the following JUDGMENT.

        i.  ELLY KRIEGER versus DAVID SADEK filed in the Superior Court of

New Jersey, Judgment No: J-297422-2008 entered on December 3, 2008

in the amount of $320,632.00 plus cost and interest.

6.  The note contains an agreement that if the borrower defaults by failing to pay in full

any monthly payments, then Lender may require immediate payment in full of the principal

balance remaining due and all accrued interest.

7.  The obligor(s) has/have failed to make the installment payment due on July 1, 2008,

and all payments becoming due thereafter.  Therefore, the loan is in default.

8.  As a result of said default, plaintiff hereby elects and declares that the whole unpaid

principal sum due on the Note and Mortgage, along with the all unpaid interest, advances, fees

and costs, shall be accelerated and is now due and payable.

9.  Any interest or lien which the defendants have, or claim to have, in or upon the

mortgaged premises or some part thereof is subject to the lien of plaintiff's mortgage.

10.  Notice was sent in compliance with the Fair Foreclosure Act more than 30 days

prior to filing of the within complaint.

WHEREFORE, plaintiff demands judgment:

    a.  Fixing the amount due on its mortgage.

- 9 -

b.   Barring and foreclosing the defendants and each of them of all equity of

redemption in to said lands.

c.   Directing that the plaintiff be paid the amount due on its mortgage with Interest

and costs.

d.   Adjudging that said lands be sold according to law to satisfy the amount due

plaintiff.

e.   Appointing a receiver of rents, issues and profits of said lands.

## SECOND COUNT

1.  By the terms of the Note/Bond and Mortgage referred to in paragraphs # 1 and # 2 of the First Count of this Complaint, the plaintiff is entitled to possession of the tract of land with the appurtenances as more particularly described in paragraph # 3 of the First Count.

2.  On July 1, 2008, the mortgage went in default. An installment of principal and interest, and if applicable, insurance and taxes was due and has not been received by the plaintiff.

3.  The plaintiff, by the terms of the Note/Bond and Mortgage, is entitled to possession of the premises described in paragraph # 3 of the First Count of this Complaint except as against those tenants protected under N.J.S.A. 2A: 18-61.1, et seq.

4.  The defendants named in paragraph # 1 and paragraph # 5 of the First Count of this Complaint have or may claim to have certain rights in the premises described in paragraph # 3 of the First Count of this Complaint and by reason thereof have since the date set forth in paragraph # 2 above deprived the plaintiff herein of the possession of the premises aforesaid.

WHEREFORE, Plaintiff demands judgment against defendants except those persons protected under N.J.S.A. 2A: 18-61.1, et seq.;

    a.  For possession of the said premises to plaintiff, its successors or assignee and/or the purchaser at a foreclosure sale.

    b.  For damages for mesne profits.

    c.  For costs.

## THIRD COUNT

It having been revealed that paragraph two of the property description attached to the Plaintiff's mortgage incorrectly sets forth "Norforlk Street" requiring reformation, the plaintiff desires its mortgage documents to be reformed to correct paragraph two of the property description to "Norfolk Street".

WHEREFORE it is respectfully requested that the mortgage documents be reformed to reflect correct paragraph two and the Final Judgment entered in this matter provided for reformation of the plaintiff's mortgage documents so as to correct the clerical error set forth therein.

PHELAN HALLINAN DIAMOND & JONES, PC


/s/ Dana N. Marks
Dana N. Marks, Esq.
Attorney for Plaintiff

Dated: December 19, 2018

- 12 -

## CERTIFICATION PURSUANT TO RULE 4:5-1

The matter in controversy in this Complaint is not the subject of any other action pending in any other Court nor is it the subject of a pending Arbitration proceeding, nor are any other actions or Arbitration proceedings contemplated, and further, to the best of my knowledge, all parties who should be joined in this action have been joined, plaintiff however reserves its right to institute a deficiency suit following the foreclosure consistent with the appropriate New Jersey Statutes.

PHELAN HALLINAN DIAMOND & JONES, PC

/s/ Dana N. Marks
Dana N. Marks, Esq.
Attorney for Plaintiff

Dated: December 19, 2018

CERTIFICATION

In accordance with Rule 4:5-1(b)(2), I hereby certify that pursuant to Rule 4:64-1(a),

prior to filing the within complaint, I have caused a title search of the public record to be made

for the purpose of identifying any lien holders or other persons or entities with an interest in the

property that is the subject of this foreclosure.

PHELAN HALLINAN DIAMOND & JONES,

PC

/s/ Dana N. Marks
Dana N. Marks, Esq.
Attorney for Plaintiff

Dated: December 19, 2018

<u>CERTIFICATION PURSUANT TO RULE 1:38-7(b)</u>

I hereby certify that all confidential personal identifiers have been redacted from documents

now submitted to the court, and will be redacted from all documents submitted in the future in

accordance with Rule 1:38-7(b).


PHELAN HALLINAN DIAMOND & JONES, PC

<u>/s/ Dana N. Marks</u>
Dana N. Marks, Esq.
Attorney for Plaintiff

Dated: December 19, 2018

<u>CERTIFICATION</u>

I hereby certify that all confidential personal identifiers have been redacted from

documents now submitted to the court, and will be redacted from all documents submitted in the

future in accordance with Rule 1:38-7(b).


Phelan Hallinan Diamond & Jones, PC

<u>/s/ Dana N. Marks</u>
Dana N. Marks, Esq.
Attorney for Plaintiff

Dated: December 19, 2018

NJID 635355

<u>CERTIFICATION</u>

The undersigned hereby certifies that a title search has been received and reviewed to

identify lienholders and other entities with an interest in the property.


Phelan Hallinan Diamond & Jones, PC


<u>/s/ Dana N. Marks</u>
Dana N. Marks, Esq.
Attorney for Plaintiff


Dated: December 18, 2018

NJID 635355

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other court action or

arbitration proceeding, now pending or contemplated, and that no other parties should be joined

in this action.

Phelan Hallinan Diamond & Jones, PC

/s/ Dana N. Marks
Dana N. Marks, Esq.
Attorney for Plaintiff

Dated: December 19, 2018

NJID 635355

**635355**
**PHELAN HALLINAN DIAMOND & JONES, PC**
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103
856-813-5500
Attorney for Plaintiff

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC<br><br>   PLAINTIFF | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>BERGEN COUNTY |
| Vs. | DOCKET NO: F-027903-09 |
| DAVID SADEK , Et al.<br>   DEFENDANT(S) |    CIVIL ACTION<br><br>CONSENT ALLOWING FILING OF FOURTH AMENDED COMPLAINT AND ACKNOWLEDGMENT OF SERVICE |

     I, _Abe Rappaport, Esq._____, attorney for the defendant, YESHIVA OF

NORTH JERSEY, do hereby acknowledge service and consent to the filing by Plaintiff of an

Fourth Amended Foreclosure Complaint in the within matter.

                       _____
                       Abe Rappaport, Esq.

Dated: _December 22, 2018_

**635355**
**PHELAN HALLINAN DIAMOND & JONES, PC**
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103
856-813-5500
Attorney for Plaintiff

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC <br>    PLAINTIFF | SUPERIOR COURT OF NEW JERSEY <br> CHANCERY DIVISION <br> BERGEN COUNTY |
| Vs. | DOCKET NO: F-027903-09 |
| DAVID SADEK , Et al. <br>    DEFENDANT(S) | CIVIL ACTION |
| | CONSENT ALLOWING FILING OF FOURTH AMENDED COMPLAINT AND ACKNOWLEDGMENT OF SERVICE |

I, _Kurt Hartmann_ , attorney for the defendant, MORTGAGE

ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR METROPOLITAN

NATIONAL BANK MORTGAGE COMPANY LLC ITS SUCCESSORS AND ASSIGNS, do

hereby acknowledge service and consent to the filing by Plaintiff of an Fourth Amended

Foreclosure Complaint in the within matter.

Dated: _2-14-19_

**635355**
**PHELAN HALLINAN DIAMOND & JONES, PC**
**William Adam Aitken, Esq. ID No. 037591985**
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103
856-813-5500
Attorney for Plaintiff

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC<br>    PLAINTIFF | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>BERGEN COUNTY |
| VS. | DOCKET NO: F-027903-09<br>CIVIL ACTION |
| DAVID SADEK, ET AL.<br>    DEFENDANT (S) | **ORDER TO FILE AMENDED FORECLOSURE COMPLAINT** |

THIS MATTER having been brought before the Court on motion of Phelan Hallinan Diamond &

Jones, PC, William Adam Aitken, Esq., appearing on behalf of the Plaintiff, JPMORGAN

CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CHASE

HOME FINANCE LLC, for an Order permitting the filing of the Amended Foreclosure

Complaint and the Court having considered the matter and for good cause appearing;


        **IT IS** on this 23 day of April, 2019 **ORDERED**:


1.   That Plaintiff may file an Amended Foreclosure Complaint in the within matter.

2.   Plaintiff shall serve a copy of this Order on all parties within 7 days of date hereof.

_Joan Bedrin Murray_
Honorable Joan Bedrin Murray, J.S.C.

_____ Opposed

____x___ Unopposed

A Rider is attached hereto and incorporated herein.

**JP Morgan Chase Bank, N.A. v. Sadek, et al.**            **Docket:  F-027903-09**
**Attachment to Order Dated April 23, 2019**

---

On May 28, 2009, plaintiff filed the instant litigation by way of a Verified Complaint.  The Complaint alleged that David Sadek and Etty Sadek defaulted on their mortgage on July 1, 2008 after failing to tender an installment payment.  On December 16, 2009, the plaintiffs filed an amended complaint in order to add defendants.  The complaint was amended a second time on January 29, 2010 to correct information on the first amended complaint.  On July 16, 2015, plaintiff filed a third amended complaint to join additional defendants and to reformat the second amended complaint.

Plaintiff now seeks leave to file a fourth amended complaint to join additional necessary defendants.  Plaintiffs argue that the amended complaint will not prejudice the parties.

Defendants have not opposed this motion.

Rule 4:9-1 provides that a motion to amend a complaint "shall be freely given in the interest of justice."  The decision to grant or deny such a motion is within the sound discretion of the court and should be liberally exercised. Kernan v. One Washington Park Urbarn Renewal Assoc., 154 N.J. 437, 456-57 (1998).  "[T]he exercise of discretion requires a two-step process: whether the non-moving party would be prejudiced, and whether granting the amendment would nevertheless be futile." Notte v. Merch. Mut. Ins. Co., 185 N.J. 490, 501 (2006).  In the instant matter, plaintiff satisfies both prongs.

In short, while the matter was initiated ten years ago and plaintiff should have filed any amended pleadings well before now, the court concludes that Rule 4:9 provides for liberality in considering such motions.

For these reasons, plaintiff's motion is GRANTED.